**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rosa Veronica PEREZ, Defendant–Appellant.**

No. 09–10909
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 2009.

Richard F. Della Fera, Entin & Della Fera, P.A., Fort Lauderdale, FL, for Plaintiff–Appellee.

Dawn Bowen, Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Defendant–Appellant.

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rosa Veronica Perez appeals her conviction for aggravated identity theft in Count 2 of the indictment. After review, we vacate Perez's conviction and sentence on Count 2.

A grand jury charged Perez with one count of knowingly and falsely representing that a social security number was assigned to her for the purpose of obtaining an identification document issued by the State of Florida, in violation of 42 U.S.C. § 408(a)(7)(B) (Count 1), and one count of knowingly and willfully using without lawful authority the identification of another person during and in relation to a felony, in violation of 18 U.S.C. § 1028(a)(1) (Count 2).[1]

At a bench trial, the government presented the following stipulated facts. Perez, who was working as a prostitute, received a fraudulent Texas birth certificate and social security card in the name of Dana Renton from a pimp named "Jit Money." In 2006, Perez submitted these fraudulent documents to apply for and obtain a Florida identification card. Dana Renton is a real person.

Following the government's presentation, Perez moved for a judgment of acquittal on Count 2, the aggravated identity theft charge. Perez argued that the gov-

---

1. Perez does not challenge her conviction on Count 1 for social security fraud.

ernment failed to present sufficient evidence that she knew that the identification documents she used belonged to a real person. The district court, relying on *United States v. Hurtado,* 508 F.3d 603, 607 (11th Cir.2007), concluded that it need not make a finding as to Perez's knowledge and denied Perez's motion. In *Hurtado,* this Court held that § 1028A(a)(1) did not require the government to prove that a defendant "knew that the means of identification that he possessed and used belonged to another actual person." *Id.* at 610. The district court found Perez guilty, and Perez appealed.

On May 4, 2009, shortly after Perez filed this appeal, the Supreme Court issued a decision in *Flores–Figueroa v. United States,* 556 U.S. ——, 129, S.Ct. 1886, 1894, 173 L.Ed.2d 853 (2009). *Flores–Figueroa* overruled *Hurtado* and held that the government must show that the defendant knew the identification he used belonged to another person to sustain a conviction under § 1028A(a)(1). *Flores–Figueroa,* 556 U.S. at ——, 129 S.Ct. at 1890, 1894.

On appeal, Perez argues that the stipulated facts are not sufficient to prove beyond a reasonable doubt that she knew the identification she had used belonged to a real person and asks that her § 1028A(a)(1) conviction be vacated and remanded. The government concedes error that is not harmless and agrees that Perez's conviction on Count 2 must be vacated. Accordingly, in light of *Flores–Figueroa,* we vacate Perez's § 1028A(a)(1) conviction and sentence on Count 2 and remand this case to the district court for the limited purpose of dismissing Count 2 of the indictment.

**VACATED AND REMANDED.**